THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Kenneth Krause, | Case No. C09-1452-JCC |
| Plaintiff, | ORDER |
| v. | |
| Timothy Wengler, | |
| Defendant. | |

This matter comes before the Court on the Report and Recommendation of Magistrate Judge Mary Alice Theiler. (Dkt. No. 20.) In addition, the Court has also considered the Petition for Habeas Corpus (Dkt. No. 5), the Response (Dkt. No. 12), Petitioner's Reply (Dkt. No. 14), and Petitioner's Objections to the Report and Recommendation. (Dkt. No. 21.) Having thoroughly considered the relevant record, the Court finds oral argument unnecessary and hereby DENIES the petition for the reasons explained herein.

**I.     BACKGROUND**

On July 8, 1994 Petitioner was found guilty on five counts of first degree child molestation and one count of first degree child rape. (Report and Recommendation 2 (Dkt. No. 20).) Petitioner was sentenced to 360 months confinement and transferred into the custody of the Washington Department of Corrections. (*Id.*) In 1999, Petitioner was transferred from the
ORDER
PAGE - 1

1 Washington prison system to a private prison in Colorado. (*Id.*) In 2000, Petitioner was
2 transferred back to a Washington prison, where he remained until 2007. (*Id.*) He was
3 subsequently transferred to a private prison in Oklahoma and then to another private prison in
4 Minnesota. (*Id.*) In 2008, Petitioner filed a habeas petition in the Washington Supreme Court
5 challenging his transfer, which was ultimately denied. (*Id.* at 2–3.) Petitioner was transferred
6 back to a Washington prison in 2009. (*Id.*) On October 27, 2009, Petitioner filed his current
7 federal habeas petition, challenging the 2009 transfer. (Pet. 1 (Dkt. No. 5).)

## II. DISCUSSION

### A. Successive Petition Bar

Respondents claim that the petition is secondary or successive, and must therefore be dismissed or transferred to the Ninth Circuit. (Resp. 7 (Dkt. No. 12).) The Antiterrorism and Effective Death Penalty Act requires that successive § 2254 petitions be dismissed unless they meet one of the exceptions outlined in 28 U.S.C. § 2244(b)(2). "Generally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001).

In the instant case, Petitioner makes two claims. First, Petitioner claims that the Interstate Corrections Compact is a federal law. Petitioner's previous federal habeas petition raised the issue of whether the Interstate Corrections Compact (ICC) was "transformed into federal law under the Crime Control Consent Act of 1934." (Report and Recommendation, 01-cv-5463, *Krause v. Waddington*, (W.D. Wash. 2001) (Dkt. No. 19–15 at 2).) Denying his petition, the court cited *Ghana v. Pearce*, F.3d 1206 (9th Cir. 1998), holding that the Interstate Compact is not federal law and does not create a protected liberty interest. (*Id.* at 4.) The question of whether the Interstate Compact is a federal law was already raised and decided on the merits in Petitioner's prior habeas petition. Therefore, Petitioner's first claim is dismissed.

Petitioner's second claim is that he was denied a full and fair hearing when the Washington State Department of Corrections transferred him without following the allegedly

ORDER
PAGE - 2

mandatory wording of the Interstate Corrections Compact. (Dkt. No. 5 at 1.) Although Petitioner's previous petition also challenged a transfer to a private prison, the current petition technically raises a different claim, which involves a different transfer, a different contract, and a different private prison. Because Petitioner was not aware of the factual predicate of this claim when he filed his first petition and could not have raised it at that time, his claim is not second or successive. *Cf. Cooper*, 274 F.3d at 1273. Thus, Petitioner's second claim is not subject to dismissal, and the Court reviews the merits of the claim now.

### B.     Legality of Transfer

Petitioner argues that his transfers should have been effectuated under the Interstate Corrections Compact and, because they were not, the Washington Department of Corrections lost jurisdiction over him. (Dkt No. 5 at 8-15.) Magistrate Judge Mary Alice Theiler rejected this argument in her Report and Recommendation (Dkt. No. 20 at 7–8), and Plaintiff objected that the R&R had overlooked the liberty interest created by mandatory language in the ICC.[1] (Obj. 4 (Dkt. No. 21).) Plaintiff misunderstands the nature of a liberty interest.

Protected liberty interests may arise from two sources: the laws of the States and the Due Process Clause itself. *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (U.S. 1989). With respect to state law, the United States Supreme Court has made clear that it is not the province of federal habeas courts to re-examine state court conclusions regarding matters of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Thus, if Washington state courts have ruled on whether the ICC creates a liberty interest, this Court cannot challenge that decision. And the Washington Supreme Court has made such a ruling. When Petitioner raised

---

[1] Plaintiff cites to *Kentucky Dep't of Corrections v. Thompson* for the proposition that that mandatory language creates a liberty interest, but this holding has apparently been overruled. For a discussion of the evolution of this standard, see *Martinez v. Coombe*, 1996 U.S. Dist. LEXIS 15330, *4-6 (N.D.N.Y Aug. 22, 1996).

ORDER
PAGE - 3

these issues in state courts, the Washington Supreme Court rejected the contentions that his transfer was illegal and violated due process:

> The Department of Corrections has statutory authority to transfer inmates under its jurisdiction to out-of-state correctional facilities. *See generally In re Pers. Restraint of Matteson*, 142 Wn.2d 298, 313, 12 P.3d 585 (2000); *see also*, RCW 72.68.010(1). Mr. Krause's reliance on the Interstate Corrections Compact, chapter 72.74 RCW, and this state's authority to contract with the federal government for the housing of prisoners is irrelevant, since his transfer did not occur between two different state correctional agencies or between this state and the federal government. Instead, Mr. Krause was properly transferred to private facilities that have contracted with the department. The mere transfer of a prisoner is not a violation of due process. *See Olim Wakinekona*, 461 U.S. 238, 245-48, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983).

(Dkt. No. 19, Ex. 11 at 1.) State law, therefore, affords Petitioner no liberty interest in this circumstance.

With respect to the Due Process Clause, Petitioner's claim fares no better. The Washington Supreme Court's conclusion that Petitioner's transfer did not violate federal constitutional principles is neither contrary to, nor an unreasonable application of federal law, because the United States Supreme Court has said that the United States Constitution does not prohibit the transfer of an inmate from one state to another. *See Olim v. Wakinekona*, 461 U.S. 238, 245–48 (1983).

Petitioner's transfer to an out-of-state facility did not violate either state or federal law. No liberty interest is implicated, and any claim that the transfer deprived the Washington Department of Corrections of jurisdiction over Petitioner is meritless.

C.  **Certificate of Appealability**

A petitioner may obtain a certificate of appealability only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). This standard is satisfied if jurists of reason could disagree with the resolution of the petitioner's constitutional claims or if the petitioner's issues require further proceedings. *Miller-El v.*

ORDER
PAGE - 4

*Cockrell*, 537 U.S. 322, 327 (2003). In the instant case, Petitioner's issues have been thoroughly heard in both state and federal courts and reasonable jurists could not disagree as to their resolution. Thus, a certificate of appealability does not issue.

### III. CONCLUSION

For the foregoing reasons, the Report and Recommendation is ADOPTED (Dkt. No. 20) and the Petition for Habeas Corpus is DENIED.  (Dkt. No. 5.)

DATED this 3rd day of September, 2010.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 5